David R. Wright (Bar No. 5164)
 *dwright@mabr.com*
Kirk R. Harris (Bar No. 100221)
 *kharris@mabr.com*
Taylor J. Wright (Bar No. 14849)
 *twright@mabr.com*
MASCHOFF BRENNAN
201 South Main Street, Suite 600
Salt Lake City, UT 84111
Telephone:    (435) 252-1360
Facsimile:    (435) 252-1361

Attorneys for Plaintiff LIFETIME PRODUCTS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH
# NORTHERN DIVISION

| | |
|---|---|
| **LIFETIME PRODUCTS, INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**PRO PERFORMANCE SPORTS, LLC,** a Delaware limited liability company,<br><br>Defendant. | Civil No. 1:14-cv-00172-EJF<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Magistrate Judge Evelyn J. Furse<br><br>(Jury Demanded) |

Plaintiff Lifetime Products, Inc. complains and alleges against Defendant Pro Performance Sports, LLC, as follows:

### THE PARTIES

1. Plaintiff Lifetime Products, Inc. (hereinafter "Lifetime" or "Plaintiff") is a Utah corporation with a principal place of business at Freeport Center, Building D-11, Clearfield, Utah 84016.

2. Upon information and belief, Defendant Pro Performance Sports, LLC (hereinafter "Pro Performance" or "Defendant"), is a Delaware limited liability company with a principal place of business at 2081 Faraday Avenue, Carlsbad, CA 92008.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281, 283, 284, and 285.

4. This Court has subject matter jurisdiction over Lifetime's claims for relief pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Defendant has sold or contracted for the sale of infringing goods within the State of Utah or induced others to sell or contract for the sale of infringing goods within the State of Utah. These actions by Defendant have resulted in injury to Lifetime and relate to, and in part give rise to, the claims asserted herein by Lifetime.

6. This Court's exercise of personal jurisdiction over Defendant is consistent with the Constitutions of the United States and the State of Utah. Moreover, this Court has personal jurisdiction over Defendant pursuant to the Utah Long Arm Statute, Utah Code Ann. § 78B-3-205.

7. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8. Lifetime is a leading manufacturer of residential basketball systems.

9. Lifetime's technological innovations are protected, *inter alia*, by a portfolio of utility patents which includes United States Patent No. 7,160,215 ("the '215 Patent"), United States Patent No. 7,476,164 ("the '164 Patent"), United States Patent No. 7,972,225 ("the '225

Patent"), United States Patent No. 8,006,630 ("the '630 Patent"), and United States Patent No. 8,342,107 ("the '107 Patent") (collectively the "Asserted Patents").

10. Lifetime is the owner by assignment of the '215 Patent.

11. Lifetime is the owner by assignment of the '164 Patent.

12. Lifetime is the owner by assignment of the '225 Patent.

13. Lifetime is the owner by assignment of the '630 Patent.

14. Lifetime is the owner by assignment of the '107 Patent.

15. Lifetime has not licensed Pro Performance to practice the Asserted Patents.

16. Pro Performance makes, uses, sells or offers for sale within the United States and within Utah, either directly or through established distribution channels, basketball hoop systems sold under the "SKLZ" brand that infringe claims of the Asserted Patents, including by way of example and not limitation, the SKLZ Pro Mini Hoop™ System.

17. Pro Performance has had knowledge of the Asserted Patents at least since the filing of this action.

## FIRST CLAIM FOR RELIEF

### Infringement of the '215 Patent

18. Lifetime restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

19. Pro Performance makes, sells, offers for sale, and/or imports in and into the United States basketball hoop systems falling within the scope of at least claim 1 of the '215 Patent, including but not limited to the SKLZ Pro Mini Hoop™ System. Such conduct constitutes direct infringement under 35 U.S.C. § 271.

2

20. By at least the activities alleged in the preceding paragraph, Pro Performance has infringed, continues to infringe, and, unless and until enjoined by this Court, will continue to infringe the '215 Patent.

21. Lifetime is entitled to injunctive and monetary relief against Defendant, pursuant to 35 U.S.C. §§ 283, 284, and 285, as more fully set forth herein.

## SECOND CLAIM FOR RELIEF

### Infringement of the '164 Patent

22. Lifetime restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

23. Pro Performance makes, sells, offers for sale, and/or imports in and into the United States basketball hoop systems falling within the scope of at least claim 1 of the '164 Patent, including but not limited to the SKLZ Pro Mini Hoop™ System. Such conduct constitutes direct infringement under 35 U.S.C. § 271.

24. By at least the activities alleged in the preceding paragraph, Pro Performance has infringed, continues to infringe, and, unless and until enjoined by this Court, will continue to infringe the '164 Patent.

25. Lifetime is entitled to injunctive and monetary relief against Defendant, pursuant to 35 U.S.C. §§ 283, 284, and 285, as more fully set forth herein.

## THIRD CLAIM FOR RELIEF

### Infringement of the '225 Patent

26. Lifetime restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

27. Pro Performance makes, sells, offers for sale, and/or imports in and into the United States basketball hoop systems falling within the scope of at least claim 1 of the '225 Patent, including but not limited to the SKLZ Pro Mini Hoop™ System. Such conduct constitutes direct infringement under 35 U.S.C. § 271.

28. By at least the activities alleged in the preceding paragraph, Pro Performance has infringed, continues to infringe, and, unless and until enjoined by this Court, will continue to infringe the '225 Patent.

29. Lifetime is entitled to injunctive and monetary relief against Defendant, pursuant to 35 U.S.C. §§ 283, 284, and 285, as more fully set forth herein.

## FOURTH CLAIM FOR RELIEF

### Infringement of the '630 Patent

30. Lifetime restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

31. Pro Performance makes, sells, offers for sale, and/or imports in and into the United States basketball hoop systems falling within the scope of at least claim 1 of the '630 Patent, including but not limited to the SKLZ Pro Mini Hoop™ System. Such conduct constitutes direct infringement under 35 U.S.C. § 271.

32. By at least the activities alleged in the preceding paragraph, Pro Performance has infringed, continues to infringe, and, unless and until enjoined by this Court, will continue to infringe the '630 Patent.

33. Lifetime is entitled to injunctive and monetary relief against Defendant, pursuant to 35 U.S.C. §§ 283, 284, and 285, as more fully set forth herein.

## FIFTH CLAIM FOR RELIEF

### Infringement of the '107 Patent

34. Lifetime restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

35. Pro Performance makes, sells, offers for sale, and/or imports in and into the United States basketball hoop systems falling within the scope of at least claim 1 of the '107 Patent, including but not limited to the SKLZ Pro Mini Hoop™ System. Such conduct constitutes direct infringement under 35 U.S.C. § 271.

36. By at least the activities alleged in the preceding paragraph, Pro Performance has infringed, continues to infringe, and, unless and until enjoined by this Court, will continue to infringe the '107 Patent.

37. Lifetime is entitled to injunctive and monetary relief against Defendant, pursuant to 35 U.S.C. §§ 283, 284, and 285, as more fully set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Lifetime prays for judgment against Pro Performance as follows:

A. A judgment finding Defendant liable for infringement of the Asserted Patents;

B. An order temporarily, preliminarily, and permanently enjoining Defendant, its agents and servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner the Asserted Patents, whether by making, using, selling, offering to sell, or importing in the United States any basketball hoop system falling within the scope of any claims of the Asserted Patents, pursuant to at least 35 U.S.C. § 283;

C. An order requiring Defendant to destroy its entire stock of infringing products within the United States, pursuant to at least 35 U.S.C. § 283;

D.      An award of damages, in an amount to be proven at trial, pursuant to at least 35 U.S.C. § 284;

E.      An award of pre-judgment interest, pursuant to at least 35 U.S.C. § 284;

F.      An award of costs in bringing this action, pursuant to at least 35 U.S.C. § 284 and Rule 54(d) of the Federal Rules of Civil Procedure;

G.      A declaration that this is an exceptional case and an award of attorneys' fees and expenses, pursuant to at least 35 U.S.C. § 285;

H.      An award of post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

I.      All other relief which this Court in its discretion deems just, proper, and equitable.

## JURY DEMAND

Lifetime hereby demands a trial by jury on all issues so triable.

DATED this 22nd day of December, 2014.

                                                      MASCHOFF BRENNAN

                                                    By: /s/ Kirk R. Harris

                                                    David R. Wright
                                                   Kirk R. Harris
                                                   Taylor J. Wright

                                                   Attorneys for Plaintiff
                                                 LIFETIME PRODUCTS, INC.